IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-CR-370-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) ORDER |
| v. | )<br>) |
| HARVEY LEE MUNGRO, JR. | )<br>) |
| Defendant. | )<br>) |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and Motion for Appointment of Counsel. (Doc. Nos. 45-46). For the reasons which follow, Defendant's Motions are DENIED.

I. **BACKGROUND**

Defendant was charged by bill of indictment on November 15, 2011 with one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). He was ordered to be detained on December 12, 2011. (Doc. No. 7). On August 30, 2012, Defendant pleaded guilty to his charge without a written plea agreement. (Doc. No. 18). This Court sentenced him to 180 months of imprisonment on June 3, 2013. (Doc. No. 29). Defendant appealed his sentence to the Fourth Circuit, which was affirmed by published opinion in June of 2014. (Doc. No. 39). He then filed a Motion to Vacate under 28 U.S.C. § 2255, which was dismissed by this Court on January 13, 2016. (Doc. No. 44).

Defendant is 54 years old and the government concedes that he is obese. (Doc. No. 49, p. 15). In April of 2020, Defendant tested positive for COVID-19, despite being asymptomatic, and was quarantined. (Doc. No. 49-1, p. 1). Defendant's medical records indicate that he remained asymptomatic throughout his illness. Id. On September 30, 2020, Defendant filed a Motion for

1

Compassionate Release/Reduction in Sentence with this Court. (Doc. No. 46). In that motion, Defendant cites the COVID-19 coronavirus pandemic, health issues associated with age, type two diabetes, hypertension, heart disease, obesity, respiratory distress, osteoarthritis, and arthrosclerosis as reasons justifying his release. (Doc. No. 46).

The Government has filed a Response in Opposition to Defendant's Motion. (Doc. No. 49). The Government argues that Defendant's motion should be dismissed without prejudice because he has not exhausted remedies before the Bureau of Prisons, or denied with prejudice because he poses a significant danger to the community and the statutory sentencing factors strongly weigh against his release. Id.

## II.  DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The Court has considered the parties' arguments and has determined that Defendant is not entitled to compassionate release pursuant to § 18 U.S.C. § 3582(c)(1)(A).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the danger is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made

by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The sentencing Commission's policy statement with regards to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; *see also* 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

As a preliminary matter, Defendant has failed to meet § 3582(c)(1)(A)'s exhaustion requirement. Defendant claims in an email attached to his Motion that he sent an electronic request for compassionate release/reduction in sentence to the warden of his facility in April of 2020. (Doc. 46-1, p. 12). However, he has not provided his BOP request to the Court, and an attorney for BOP has informed the government that they have not received such a request from Defendant. (Doc. 49, p. 10). Therefore, Defendant's Motion must fail because it is not one filed "after the defendant has fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A).

Even if Defendant had satisfied § 3582(c)(1)'s exhaustion requirement, he does not qualify for relief. The Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant prior to

4

granting compassionate release. See 18 U.S.C. § 3582(c)(1). The seriousness of Defendant's criminal history and the sentence imposed against him must be considered when the Court asks itself if releasing him will serve the interests of general or individual deterrence. With a lengthy criminal record, Defendant's criminal history category was VI at the time of his sentencing and he qualified as an armed career criminal. (Doc. No. 26). He is a recidivist. His underlying conviction is for possessing a firearm as a felon. He had been convicted of Breaking and Entering three times. (Doc. No. 26, p. 4). Those offenses entailed him breaking into homes and stealing firearms and other property. (Doc. No. 25, p. 5). His criminal history also includes repeat drug trafficking offenses and a previous firearm possession conviction. (Doc. No. 26, p. 5–12).

Regarding the nature and circumstances of Defendant's offense of conviction, on August 9, 2011, he was driving around with a 9mm semiautomatic pistol, ammunition, and 3.5 grams of marijuana. (Doc. No. 26). His criminal history dates back to age 19 and spans almost 25 years. (Doc. No. 26, p. 5–12). In that time, his probation was revoked three out of the four times that he was placed on it. He has been arrested for drug trafficking offenses five times since 1992 and for felonious possession of controlled substances four additional times. (Doc. No. 25, p. 5–12). He has also been convicted of Possession with Intent to Sell and Deliver Cocaine and Sell Cocaine. (Doc. No. 26 p. 8–9). In addition to the dangers inherent in drug trafficking and illegal firearm possession, Defendant has been charged with Assault on a Female twice. (Doc. No. 26 p. 11).

Additionally, he has had multiple disciplinary incidents while incarcerated. (Doc. No. 49-2). From this evidence, the Court cannot conclude that Defendant does not present a danger to the safety of the community at this time. See U.S.S.G. § 1B1.13(2). Furthermore, the § 3553(a) factors strongly weigh against his release.

5

Case 3:11-cr-00370-FDW    Document 51    Filed 11/03/20    Page 5 of 6

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted a sentence reduction, and therefore, his Motion for Compassionate Release is DENIED.

### III. DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

With respect to the Motion to Appoint Counsel, criminal defendants have no right to counsel beyond their first appeal. E.g., United States v. Kenny, No. 3:01-cr-00185-FDW, 2020 WL 2094116, at *1 (W.D.N.C. Apr. 30, 2020); United States v. Ismel, No. 3:94-CR-00008-1, 2012 WL 113392, at *1 (W.D. Va. Jan. 13, 2012). Defendant has not shown extraordinary circumstances warranting the appointment of counsel at this time. The Motions (Doc. Nos. 45-46) are therefore DENIED.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release under § 18 U.S.C. § 3582(c)(1)(A) and Motion for Appointment of Counsel (Doc. No. 45-46) are **DENIED**.

IT IS SO ORDERED.

Signed: November 3, 2020

Frank D. Whitney
United States District Judge